Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH FERNANDEZ and KAREN FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br> v.<br><br>PAYPAL, INC., PAYPAL CREDIT, SYNCHRONY BANK and DOES 1 through 10 inclusive,<br><br>  Defendants. | CASE NO.:   2:21-cv-661<br><br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their class action complaint against the Defendants, PAYPAL, INC., PAYPAL CREDIT and SYNCHRONY BANK, allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by consumers and on behalf of a class pursuant to: (1) the Truth in Lending Act or 15 U.S.C. §§1601, et seq. ("TILA"); (2) the Fair Credit Billing Act or 15 U.S.C. §1666 ("FCBA"); and the Rosenthal Fair Debt

Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiffs also seek damages pursuant to California Financial Code §2000 et seq. ("Money Transmission Act"), California Civil Code § 1750 et seq., ("The Consumers Legal Remedies Act"), for breach of contract and for violations of California Business and Professions Code §17200, et seq.

## PARTIES

2. Plaintiff Deborah Fernandez is a natural person, who at all times relevant herein, resided in San Diego County, California. Plaintiff Deborah Fernandez is a "cardholder" as defined by 15 U.S.C. § 1602 and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201.

3. Plaintiff Karen Fernandez is a natural person, who at all times relevant herein, resided in San Diego County, California. Plaintiff Karen Fernandez is a "consumer" as defined by Cal. Bus. & Prof. Code §17201.

4. Upon information and belief, Defendant PayPal, Inc. is a "licensee" and/or "agent" as defined by CA Fin. Code §2003, a "debt collector" and "creditor" as defined pursuant to Cal. Civ. Code §1788.2, a "creditor" as defined pursuant to 15 U.S.C. § 1602 and is authorized to do business in the state of California.

5. Upon information and belief, Defendant PayPal Credit is a "debt collector" and "creditor" as defined pursuant to Cal. Civ. Code §1788.2, a "creditor" as defined pursuant to 15 U.S.C. § 1602 and is authorized to do business in the state of California.

6. Upon information and belief, Defendant Synchrony Bank is a "debt collector" and "creditor" as defined pursuant to Cal. Civ. Code §1788.2, a "creditor" as defined pursuant to 15 U.S.C. § 1602 and is authorized to do business in the state of California.

## JURISDICTION

7. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1601, 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

8. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

9. That on or about September 24, 2020, Plaintiff Deborah Fernandez attempted to send her daughter, Plaintiff Karen Fernandez, a total of $1,000.00, by using an electronic money transmission service provided by Defendant PayPal, Inc.

10. That Defendant PayPal, Inc. assigned the following "Transaction ID" to this transmission: 0P9446809K582181Y (hereinafter referred to as "TID x2181Y").

11. That for TID x2181Y, Plaintiff Deborah Fernandez attempted to use her credit card account with co-Defendants PayPal Credit and Synchrony Bank to send the funds.

12. That co-Defendants PayPal Credit and Synchrony Bank charged Plaintiff Deborah Fernandez an additional $29.30 in fees, for a total amount of $1,029.30.

13. That for TID x2181Y, an incorrect e-mail address was entered for the intended recipient, Plaintiff Karen Fernandez.

14. That as a result, Plaintiff Karen Fernandez did not receive the $1,000.00 associated with TID x2181Y.

15. That the Plaintiffs immediately contacted Defendant PayPal, Inc. to confirm that TID x2181Y was not completed and if necessary, to cancel and/or dispute the transmission.

16. That Plaintiff Deborah Fernandez then made a second attempt to send Plaintiff Karen Fernandez $1,000.00 through the Defendant PayPal Inc.'s transmission service.

Class Action Complaint for Damages

17. That Defendant PayPal, Inc. assigned the following "Transaction ID" to this second transmission: 9HX99885E78418352 (hereinafter referred to as "TID x18352").

18. That for TID x18352, Plaintiff Deborah Fernandez used her credit card account with co-Defendants PayPal Credit and Synchrony Bank and as a result, was charged another $1,029.30.

19. That Plaintiff Deborah Fernandez received an email from Defendant PayPal, Inc. which referenced TID x18352 and confirmed that $1,000.00 was sent to Plaintiff Karen Fernandez.

20. That on or about October 7, 2020, Plaintiff Deborah Fernandez made a payment to Defendant PayPal Credit in the amount of $1,029.30 to cover the funds sent to Plaintiff Karen Fernandez and the fees associated with TID x18352.

*Count One*

21. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

22. That in the months that followed, the Plaintiffs contacted the Defendants on several occasions to resolve their issue with TID x2181Y.

23. That during such communications, Defendant PayPal, Inc. would often advise the Plaintiffs to contact Defendant PayPal Credit for help and when Plaintiffs did so, Defendant PayPal Credit would then advise the Plaintiffs to contact Defendant PayPal, Inc.

24. That the Defendants would provide confusing and conflicting information to the Plaintiffs, thus leaving the issue with TID x2181Y unresolved.

25. That on or about September 28, 2020, Defendant PayPal, Inc. sent the Plaintiff Deborah Fernandez an email in response to the dispute the Plaintiffs made with regard to TID x2181Y.

26. That according to said e-mail, the Defendant PayPal, Inc. stated the following, in pertinent part: "After having reviewed all the details, and based on the information we have to date, we have to deny your case. This decision was made because your billing dispute doesn't match our qualification for a billing dispute."

27. That on or about November 30, 2020, Defendant PayPal, Inc. sent Plaintiff Deborah Fernandez yet another email regarding the same dispute with TID x2181Y, but this time, it stated in pertinent part: "We Can't Investigate or Decide This Case…You filed this dispute with your financial institution or credit card company, and not with PayPal…"

28. That the emails sent by Defendant PayPal, Inc. dated September 28, 2020 and November 30, 2020, respectively, contained false and conflicting information.

29. That because of the Defendants' conduct, the Plaintiffs' issue remained unresolved, and as a result, both Plaintiffs grew confused and suffered a great amount of stress, aggravation and anxiety.

*Count Two*

30. That Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

31. That on or about November 11, 2020, the Defendant PayPal, Inc. sent Plaintiff Karen Fernandez an email advising her of a dispute on TID x18352 (not TID x2181Y, as the Plaintiffs had intended).

32. That the November 11, 2020 email from Defendant PayPal, Inc. advised Plaintiff Karen Fernandez that she would be "debited a $20.00 USD chargeback fee."

33. That upon information and belief, Defendants wrongfully initiated a dispute on TID x18352, instead of rectifying the errors associated with TID x2181Y.

34. That shortly thereafter, Defendant PayPal, Inc. wrongfully began collection efforts against Plaintiff Karen Fernandez.

35. That in response, Plaintiff Karen Fernandez reached out to several of Defendants' agents and tried to explain the nature of the dispute and the possible discrepancies, but to no avail.

36. That on or about November 22, 2020, Plaintiff Deborah Fernandez sent PayPal, Inc. multiple letters with documentation to demonstrate what had happened, demanded that the Defendant PayPal, Inc. cease its collection efforts against Plaintiff Karen Fernandez and urged them to contact co-Defendant PayPal Credit to resolve the issue.

37. That on or about November 29, 2020, Plaintiff Deborah Fernandez also sent a follow up letter to co-Defendants PayPal Credit and Synchrony Bank to reiterate that they erroneously took measures on TID x18352 instead of on TID x2181Y.

38. That as a result of Defendants' mistakes, Plaintiff Karen Fernandez was subjected to collection abuse and constant harassment.

39. That Plaintiffs spent countless hours, often missing work, communicating with several agents and supervisors, and became increasingly worried and confused from the misinformation provided by the Defendants.

40. That Plaintiffs grew more stressed and aggravated from the Defendants' inability to coordinate a resolution and suffered sleepless nights and anxiety due to Defendants' harassment.

*Count Three*

41. That Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

42. That from September 2020 to date, Plaintiff Deborah Fernandez repeatedly disputed the improper charges and fees on her credit card account with the Defendants.

43. That multiple line items would appear on Plaintiff Deborah Fernandez's billing statements along with dates that did not correspond to any of the activity referenced above.

44. That although Defendants made various "Adjustments" to her credit account, the issue with TID x2181Y was not resolved.

45. That the "Adjustments" made by Defendants to Plaintiff's credit account failed to rectify the charge associated with TID x2181Y and caused the Plaintiffs even more stress and confusion.

46. That as a result, Plaintiff Deborah Fernandez was left with no other recourse than to pay the disputed charges to Defendants PayPal Credit and Synchrony Bank, for fear that the Defendants' ongoing inability to resolve her dispute would cause further damage to her credit.

47. That on or about December 7, 2020, to avoid additional finance charges, fees and penalties, Plaintiff Deborah Fernandez made a payment in the amount of $1,042.61 to Defendants PayPal Credit and Synchrony Bank.

48. That the various credits and notations made by the Defendants on Plaintiff's credit account billing statements were confusing, misleading and unclear.

49. That as a result of Defendants' conduct, Plaintiffs suffered damages.

## AS AND FOR A FIRST CAUSE OF ACTION

50. The Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51. The Truth in Lending Act or 15 U.S.C. §§1601, et seq. ("TILA") was enacted and amended over the years by Congress "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. §1601(a).

52. By its acts and practices as hereinabove described, the Defendants have violated the TILA as follows, without limitation:

   a. By failing to make the proper allocations, adjustments and/or timely credits to Plaintiff's account;

     b. By failing to provide certain disclosures clearly and conspicuously as required by law, including those regarding finance charges and the computation thereof; and

     c. By failing to disclose clearly and concisely, the method by which various fees are calculated and the respective time period(s) to which said fees apply; and

     d. By causing various inaccuracies to appear on Plaintiff's credit card account, including but not limited to: improper finance charges, erroneous transaction dates and inaccurate charges and adjustments.

53. That the Plaintiffs have detrimentally relied on Defendants' misrepresentations and as a result, suffered damages.

54. Pursuant to 15 U.S.C.§1640, Defendants are liable for statutory penalties and actual damages sustained as a result of the Defendants' violations of TILA as well as attorneys' fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION

55. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

56. The Fair Credit Billing Act or 15 U.S.C. §1666 ("FCBA") requires prompt written acknowledgment of consumer billing complaints and investigation of billing errors by creditors. The Act also requires that creditors promptly post payments to the consumer's account, and either refund overpayments or credit them to the consumer's account.

57. By its acts and practices as hereinabove described, the Defendants have violated the FCBA as follows, without limitation:

     a. By failing to make appropriate corrections on Plaintiff's credit account;

     b. By committing multiple billing errors; and

     c. By taking improper actions to collect on erroneous charges.

58. That as a result of Defendants' unlawful conduct, Plaintiffs suffered damages.
59. That Defendants are liable for statutory penalties and actual damages sustained as a result of the Defendants' violations of the FCBA as well as attorneys' fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION

60. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.
61. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:
    i. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation;
    ii. By attempting to collect on an invalid debt;
    iii. By causing a telephone to ring repeatedly or continuously to annoy the person called and by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;
    iv. By making threats to take actions against the debtor which is prohibited by said title; and
    v. By failing to include certain debt collection notices and disclosures required by law.
62. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages

Class Action Complaint for Damages

sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

63. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

64. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

65. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

66. The Money Transmission Act or California Financial Code §2000 et seq. regulates money transmission businesses to protect the interests of consumers and preserve the health, safety, and general welfare of the people of California.

67. By its acts and practices as hereinabove described, the Defendants have violated the Money Transmission Act as follows, without limitation: By failing to comply with its refund policies.

68. That as a result of Defendants' unlawful conduct, Plaintiffs suffered damages.

69. That pursuant to CA Fin. Code § 2102, Defendants are liable for statutory penalties and actual damages sustained as a result of the Defendants' violations of the Money Transmission Act as well as attorneys' fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION

70. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

71. That Defendants, by engaging in the acts hereinabove described, have committed violations of California Civil Code § 1750 et seq., or The Consumers Legal Remedies

Act, which prohibits various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes.

72. That the Plaintiffs have suffered injury in fact and has lost money as a result of the Defendants engaging in the acts hereinabove described.

**AS AND FOR A SIXTH CAUSE OF ACTION**

73. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

74. That the Defendants breached their respective contracts with the Plaintiffs by the following acts which include, but are not limited to: making various misrepresentations and confusing notations regarding the status of various charges, refunds and/or credits; failing to make the proper adjustments and/or credits on the Plaintiffs' accounts; failing to properly investigate and resolve Plaintiffs' billing disputes; and for failing to provide proper disclosures.

75. That the Plaintiffs have suffered damages as a result of the Defendants engaging in the acts hereinabove described.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

76. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

77. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

78. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

79. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.
80. That consumers, like the Plaintiffs, are likely to be deceived, and that the Plaintiffs were in fact deceived, by Defendants' conduct.
81. That the Defendants have been unjustly enriched by committing said acts.
82. That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages in the form of monetary losses, humiliation, shame, stress, anxiety, aggravation and sleepless nights.
83. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiffs have suffered substantial injury in fact and lost money and/or property.
84. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiffs are entitled to recover actual damages and restitution.

## CLASS ALLEGATIONS

85. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.
86. The first and second causes of action are brought on behalf of Plaintiffs and the members of a class.
87. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California, notified the Defendants of a billing dispute and/or billing error, and as a result, Defendants' failed to make the proper allocations, adjustments and/or timely credits to the consumer's account, failed to make proper disclosures and/or caused various inaccuracies to appear on the consumer's account, including but not limited to: improper finance charges, erroneous transaction dates and inaccurate charges and adjustments.

88. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the Defendants' billing practices and dispute resolution procedures are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the TILA (and FCBA) by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received inaccurate adjustments and/or notations on their respective billing statement(s), a matter capable of ministerial determination from the records of the Defendants.

(D) The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing consumer-related class actions claims. The Plaintiffs' interests are consistent with those of the members of the class.

(F) A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

89. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief and that judgment be entered against the Defendants as follows:

(a) An order certifying the class defined above, appointing the Plaintiffs as class representatives and appointing their attorney as class counsel;

(b) Statutory damages and actual damages in an amount to be determined at the time of trial on behalf of the class on the first and second causes of action;

(c) Statutory, actual and punitive damages as provided by statute in an amount to be determined at the time of trial;

(d) Costs and reasonable attorney's fees pursuant to statute, common law, and/or the Court's inherent power;

(e) Equitable and injunctive relief;

(f) Restitution; and

(g) For such other and further relief as may be just and proper.

Plaintiffs request trial by jury on all issues so triable.

Dated: January 25, 2021                                  AMIR J. GOLDSTEIN, ESQ.

                                                                                  /S/ Amir J. Goldstein_____
                                                           Amir J. Goldstein, Esq.
                                                           **Attorney for Plaintiffs**
                                                           7304 Beverly Blvd., Suite 212
                                                           Los Angeles, CA 90036
                                                           Tel 323.937.0400
                                                           Fax 866.288.9194

Class Action Complaint for Damages